IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:22-cv-00016-MR

| | |
|---|---|
| JOEL HOWIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| NORTH CAROLINA DEPARTMENT ) | |
| OF PUBLIC SAFETY, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the pro se Complaint. [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 7].

The pro se incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1983[1] addressing an incident that allegedly occurred at the Alexander Correctional Institution.[2] He names as Defendants: the North Carolina Department of Public Safety (NCDPS) and "Alexander Correctional

---

[1] The Court also liberally construes the Complaint as raising a claim of gross negligence under North Carolina law.

[2] Although the Plaintiff refers to himself as a pretrial detainee, he was a convicted and sentenced state prisoner at that time. See https://webapps.doc.state.nc.us/opi/view offender.do?method=view&offenderID=0194532&searchOffenderId=0194532&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1; Fed. R. Evid. 201. The Plaintiff filed this action from the Neuse Correctional Institution, where he is still housed.

Institution (Dental Hygentist) [sic]." [Doc. 1 at 3]. He asserts violation of his "Due process right's [sic] also, 8th and 14th Amendment Rights Entity Constituting gross negligence Equal Protection human rights." [Id. at 5]. He alleges *verbatim*:

> The dental Hygentist (female) did in fact test positive for the deadly COVID-19 virus on July 29th, 2021, at Alexander Correctional facility owned and operated by the State of North Carolina. To which: North Carolina Department of Public Safety did in fact cause great harm to me by spreading a deadly COVID-19 virus on July 29th 2021. Due to me having a dentist appt. on July 29th 2021 at Alexander Correctional facility. I contracted COVID-19 from female dental hygentist on July 29th 2021. Caused gross negligence, reckless misconduct by North Carolina Department of Public Safety (Alexander Correctional Inst.) Dental Hygentist giving me a deadly virus called COVID-19.

[Id.].

As injury, he states *verbatim*:

> I suffered by being put in harms way, nearly being dead. I was injured in a mental state as well by mental anguish, pain & suffering by contracting COVID-19 virus. This caused medical treatment nearly costing my life. I really thought I was going to die. I suffered a great deal of injury by contracting COVID-19 with negligence by said and suffering from flu like system being quaritine at weeks at a time. Taking medicen's trying everything in my power not to die. My injury's are severe to the point of no return. Deliberate indifference medical neglect not receiving adequate medical treatment being vulnerable to death then the mental anguish by thinking, I just might die from COVID-19. My injury was in great mesures. Harmful effects from all said isolation and prison not following proper protocols from medical personnel. My injury was contracting a deadly virus called COVID-19 almost costing me my life.

2

Case 5:22-cv-00016-MR   Document 8   Filed 03/18/22   Page 2 of 11

[Id. at 7]. He seeks $250,000 in damages, any additional relief the Court deems just and proper, and a jury trial. [Id. at 1, 8].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

The Plaintiff attempts to name as Defendants the NCDPS and Alexander CI. However, "neither a state nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Thus, NCDPS and its facilities are not "persons" under § 1983. See Fox v. Harwood, No. 1:09-cv-160-MU-02, 2009 WL 1117890 at *1 (W.D.N.C. Apr. 24, 2009). Accordingly, the Plaintiff's claims against NCDPS and Alexander CI are dismissed with prejudice.

Liberally construing the Complaint, it appears that the Plaintiff is also attempting to name as a Defendant a Jane Doe dental hygienist. The Clerk of Court will be instructed to add her to the docket as a separate Defendant.

First, the Plaintiff asserts that Jane Doe was deliberately indifferent to his health and safety by treating him the same day she tested positive for COVID-19, and infecting him with the virus. To prevail on an Eighth Amendment deliberate indifference claim, an inmate must show: (1) "serious or significant physical or emotional injury" resulting from a prison official's

4

conduct; and (2) the prison officials had a "sufficiently culpable state of mind," which in this context is deliberate indifference. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A prison official is "deliberately indifferent to a substantial risk of harm to a [prisoner] when that [official] 'knows and disregards' the risk." Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004) (quoting Farmer, 511 U.S. at 837). "It is not enough to prove that the official should have known of the risk; instead, 'the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he should draw the inference.'" Kartman v. Markle, 582 F. App'x 151, 153 (2014) (quoting Farmer, 511 U.S. at 837). A showing of negligence does not rise to the level of deliberate indifference. Davidson v. Cannon, 474 U.S. 344, 347-48 (1986).

The Plaintiff's allegations are too vague and speculative to state an Eighth Amendment claim against Defendant Jane Doe dental hygienist for deliberate indifference. The Plaintiff alleges that Defendant Doe tested positive the same day that she saw him for treatment, but he does not allege that she tested positive *before* she treated the Plaintiff. Nor does he allege that Defendant Doe knew that she was infected, drew the inference that treating him would expose him to a substantial risk of harm, and intentionally disregarded that risk and treated him. Moreover, the Plaintiff's contention

5

that he actually caught COVID-19 from Jane Doe that day is purely speculative. Accordingly, this claim is insufficient to state a deliberate indifference claim at this time, and it will be dismissed without prejudice.

The Plaintiff also appears to assert that he received insufficient medical care for his COVID-19 infection. To state an Eighth Amendment claim for deliberate indifference to a serious medical need, a plaintiff must show that "the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). The Plaintiff does not allege that Defendant Jane Doe was responsible for treating his COVID-19 infection and the Plaintiff has not named any other defendant who was allegedly responsible for that deficient care. Moreover, his conclusory allegations are too vague to proceed. Accordingly, to the extent that the Plaintiff intended to assert a claim of deliberate indifference to a serious medical for his COVID-19 treatment, it is dismissed without prejudice.

6

The Plaintiff next attempts to assert a § 1983 due process claim. To prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. Bevrati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Although prisoners are afforded some due process rights while incarcerated, those liberty interests are limited to "the freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Moreover, changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991); Slezak v. Evatt, 21 F.3d 590, 594 (4th Cir. 1994) ("The federal constitution itself vests no liberty interest in inmates in retaining or receiving any particular security or custody status '[a]s long as the [challenged] conditions or degree of confinement ... is within the sentence imposed ... and is not otherwise violative of the Constitution.'") (quoting Hewitt v. Helms, 459 U.S. 460, 468 (1983)). The Plaintiff has failed

to assert any facts from which the Court can glean a plausible claim that Defendant Jane Doe dental hygienist violated the Plaintiff's procedural due process rights. His vague allusion to quarantine is not attributed to Jane Doe and, even so, he has failed to allege any facts demonstrating that such imposed an atypical or significant hardship. Moreover, to the extent that the Plaintiff intended to assert a substantive due process claim against Defendant Jane Doe, it is subsumed by his Eighth Amendment claim. See Williams v. Benjamin, 77 F.3d 756, 768 (4th Cir. 1996) ("it is now well established that the Eighth Amendment 'serves as the primary source of substantive protection to convicted prisoners,' and the Due Process Clause affords a prisoner no greater substantive protection 'than does the Cruel and Unusual Punishments Clause.'") (quoting Whitley v. Albers, 475 U.S. 312, 327 (1986)). Therefore, the Plaintiff's due process claim is dismissed without prejudice.

The Plaintiff also attempts to assert an equal protection claim. To establish an equal protection violation, a plaintiff first must demonstrate that he has been treated differently from others with whom he is similarly situated, and that the unequal treatment was the result of intentional or purposeful discrimination. Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). In doing so, the plaintiff must set forth "specific, non-conclusory factual

8

allegations that establish an improper [discriminatory] motive." Williams v. Hansen, 326 F.3d 569, 584 (4th Cir. 2003) (quoting Trulock v. Freeh, 275 F.3d 391, 405 (4th Cir. 2001)). The Plaintiff fails to support his equal protection claim with any factual allegations whatsoever. Accordingly, it is dismissed without prejudice.

Finally, the Plaintiff appears to assert a claim under North Carolina law for gross negligence.[3]

Federal district courts may entertain claims not otherwise within their adjudicatory authority when those claims "are so related to claims ... within [federal-court competence] that they form part of the same case or controversy." 28 U.S.C. § 1367(a). To exercise supplemental jurisdiction, a court must find that "[t]he state and federal claims ... derive from a common nucleus of operative fact" where a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966). When a district court dismisses all claims independently qualifying for the exercise of federal jurisdiction, it "ordinarily dismiss[es] all related state claims." Artis v. Dist. of Columbia, 138 S.Ct. 594, 595 (2018); see 28 U.S.C. § 1367(c)(3). A district court may also dismiss

---

[3] The Plaintiff also alleges "reckless misconduct" but the Court is unable to glean any cognizable claim from that allegation. [Doc. 1 at 5].

9

the related state claims if there is a good reason to decline jurisdiction. See 28 U.S.C. § 1367(c)(1), (2), and (4). And without a § 1983 claim, the Court will not exercise supplemental jurisdiction over an alleged violation of North Carolina law. See Artis, 138 S.Ct. at 595 (when a district court dismisses all claims independently qualifying for the exercise of federal jurisdiction, it "ordinarily dismiss[es] all related state claims."); see 28 U.S.C. § 1367(c)(3).

No federal claim has passed initial review and, accordingly, the Court declines to exercise supplemental jurisdiction over any of the Plaintiffs claims under North Carolina law at this time. Id.

## IV. CONCLUSION

In sum, the Plaintiff has failed to state a claim against any Defendant. The § 1983 claims against NCDPS and the Alexander CI are dismissed with prejudice, and the remaining claims are dismissed without prejudice. The Clerk will be instructed to add Jane Doe dental hygienist to the Court's docket as a separate Defendant.

The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to correct the deficiencies identified in this Order and to otherwise properly state a claim upon which relief can be granted. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will

not be allowed. Should the Plaintiff fail to timely amend his Complaint in accordance with this Order, this action will be dismissed without prejudice and without further notice to the Plaintiff.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The § 1983 claims against NCDPS and Alexander CI are **DISMISSED WITH PREJUDICE.**

2. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

3. The Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If the Plaintiff fails to amend the Complaint in the instant case in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to the Plaintiff.

The Clerk of Court is respectfully instructed to add Jane Doe dental hygienist as a Defendant in the Court's docket, and to mail the Plaintiff a blank § 1983 prisoner complaint form and a copy of this Order.

Signed: March 17, 2022

**IT IS SO ORDERED.**

Martin Reidinger
Chief United States District Judge