# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:22-cv-00016-MR

| | |
|---|---|
| JOEL HOWIE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NORTH CAROLINA DEPARTMENT ) <br> OF PUBLIC SAFETY, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of the Plaintiff's pro se Amended Complaint [Doc. 9]. The Plaintiff is proceeding in forma pauperis. [Doc. 7].

The pro se incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing an incident that allegedly occurred at the Alexander Correctional Institution.[1] [Doc. 1]. On initial review, the Court dismissed the § 1983 claims against NCDPS and Alexander CI with prejudice, dismissed the remaining § 1983 claims without prejudice, and declined to exercise supplemental jurisdiction over the Plaintiff's North Carolina negligence claim.

---

[1] The Court liberally construed the Complaint as also raising a claim of gross negligence under North Carolina law.

[Doc. 8]. The Court granted the Plaintiff 30 days to amend the Complaint to correct the deficiencies identified in the Order on initial review, and to attempt to state a claim. [Id.]. He was instructed that any Amended Complaint would be "subject to all procedural requirements and will supersede the Complaint." [Id. at 10]. The Amended Complaint is now before the Court for initial review. [Doc. 9].

The Plaintiff names as Defendants Mr. Beaver, the Alexander CI warden in his official capacity, and Ms. Aran, a dental hygienist in her individual capacity. [Id. at 2]. The sections of the Complaint form are blank that address: the federal constitutional or statutory rights that the Plaintiff is claiming were violated [id. at 3]; the "Statement of the Claim" [id. at 4]; Plaintiff's "Injuries" [id. at 5]; and the "Relief" he is seeking [id.]. In the section of the Complaint form that addresses the exhaustion of administrative remedies, the Plaintiff states that he "contracted COVID-19 from Dental Hygentist [sic]." [Id. at 7]. He has attached to the Amended Complaint the Step-Two and Step-Three grievance responses that dismissed his grievance for lack of any supporting evidence. [Id. at 12, 13].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to

2

dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

The Plaintiff purports to sue Defendant Beaver, who is a state official, in his official capacity. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their

3

official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, Plaintiff's claim against Defendant Beaver are dismissed.

The Plaintiff also sues Defendant Aran in her individual capacity. However, he has not made any factual allegations about her whatsoever. He has not explained how Defendant Aran's actions or inactions injured him, nor does he seek any relief. He has therefore failed to state a claim upon which relief can be granted.[2] See Fed. R. Civ. P. 8(a)(2)-(3) ("A pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought, which may include relief in the alternative or different types of relief."); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002)

---

[2] The Plaintiff had previously attempted to assert that he contracted COVID-19 from Defendant Aran. This fails to state a § 1983 claim for the reasons discussed in the Order on initial review of the Complaint. [See Doc. 8 at 4-6].

4

(a pleader must allege facts, directly or indirectly, that support each element of the claim).

The Amended Complaint is even more deficient than the original Complaint; it is frivolous, fails to state a claim upon which relief can be granted, and seeks relief against an immune party. The Court finds that further amendment would be futile. Accordingly, the Court will dismiss the Plaintiff's Amended Complaint on initial review with prejudice.

## IV. CONCLUSION

In sum, the Plaintiff has failed to state a claim against any Defendant, and the Amended Complaint has failed to pass initial review pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). As further amendment would be futile, the Amended Complaint is dismissed with prejudice, and this action will be closed.

**IT IS, THEREFORE, ORDERED** that the Amended Complaint [Doc. 9] is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) and 28 U.S.C. § 1915A as frivolous, for failure to state a claim upon which relief can be granted, and for seeking relief against an immune party as set forth in this Order.

The Clerk is respectfully instructed to close this case.

**IT IS SO ORDERED**.

Signed: May 5, 2022

*[signature]*

Martin Reidinger
Chief United States District Judge